# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00330-CV

**Milton Hill, Individually and on behalf of The Heirs of Andrea K. Hill, Appellant**

**v.**

**Kimberly Ann Russell, CRNA, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. D-1-GN-07-000564, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## O P I N I O N

Appellant Milton Hill, individually and on behalf of the heirs of Andrea K. Hill, filed a health care liability claim against appellee Kimberly Ann Russell, CRNA. Russell sought summary judgment, arguing that Mr. Hill's suit was barred by limitations. The trial court agreed, granting summary judgment in Russell's favor. Mr. Hill appeals, and we reverse and remand.

### Factual background

Andrea K. Hill, Mr. Hill's daughter, died during surgery for removal of a cyst on September 23, 2004. Russell, a nurse anesthetist, provided anesthesia services to Ms. Hill during surgery. On September 21, 2006, Mr. Hill sent Russell a notice of claim pursuant to section 74.051 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.051 (West 2005). Mr. Hill neglected to enclose with the notice the form authorizing the release of Ms. Hill's health information, which is required by section 74.052. *See id*. § 74.052 (West 2005).

Mr. Hill corrected that omission four days later, sending the authorization form to Russell on September 25, 2006. On December 6, 2006, Mr. Hill filed suit against Russell,[1] asserting that she had breached the standard of care in her treatment of Ms. Hill, resulting in Ms. Hill's death.[2] Russell moved for summary judgment, arguing that Mr. Hill's claims were barred by the two-year statute of limitations on health care liability claims. *See id*. § 74.251 (West 2005). Mr. Hill responded that his suit was timely under section 74.051(c), which tolls the running of limitations for seventy-five days if a claimant provides the defendant with notice of a claim under chapter 74. *See id*. § 74.051(c). Russell argued that because Mr. Hill did not provide the authorization form with his notice and within two years of Ms. Hill's death, Mr. Hill did not provide Russell proper notice that would toll the running of limitations. The trial court granted summary judgment in Russell's favor. Mr. Hill moved for a new trial, which was overruled as a matter of law. *See* Tex. R. Civ. P. 329b(c).

## Discussion

It is undisputed that Mr. Hill did not file his suit within two years of Ms. Hill's death. Therefore, his suit is barred by limitations unless he can rely on a tolling provision that makes his suit—filed on December 6, 2006, approximately two years and two months after the cause of action

---

[1] Mr. Hill also sued the hospital where the surgery took place. After the trial court granted summary judgment in favor of Russell, it severed Mr. Hill's claims against Russell from those against the hospital. Claims related to the hospital are not before us in this cause.

[2] In his original petition, Mr. Hill mistakenly referred to the notice requirements of "Article 4590i, Section 4.01(a) of the Medical Liability and Insurance Improvement Act." However, article 4590i, which included a notice requirement and allowed for the tolling of limitations upon proper notice, was repealed effective September 1, 2003, and replaced by section 74.051 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.051 (West 2005). This minor error in pleading is not an issue on appeal.

accrued—timely. The issue before us, then, is whether Mr. Hill's failure to include the authorization form with his notice of claim, which was provided to Russell within two years of Ms. Hill's death, means that the notice did not toll the running of limitations until suit was filed. Russell insists that proper notice that allows a plaintiff to rely on section 74.051(c) for tolling requires three elements—the notice itself, the medical authorization form, and service by certified mail. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.051(a). Because the notice timely sent by Mr. Hill lacked the authorization form, she argues, the notice was insufficient to trigger the seventy-five day tolling of limitations. Mr. Hill, on the other hand, contends that his failure to include the form did not invalidate his timely notice and that Russell was at most entitled to a four-day abatement under section 74.052(a). *See id.* § 74.052(a) (failure to include authorization with notice abates proceedings against defendant "until 60 days following receipt" of authorization form). Because we agree with Mr. Hill that the authorization form is a separate document from the required "notice" that triggers tolling under section 74.05(c), we reverse the trial court's granting of summary judgment and remand the cause for further proceedings.

We review the granting of summary judgment de novo and under well-established standards of review. *See* Tex. R. Civ. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action. If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations." *Diversicare Gen. Partner*, 185 S.W.3d at 846 (citations omitted).

Section 74.051 requires a health care liability claimant to

> give written notice of such claim . . . to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit . . . . The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.
>
> . . . .
>
> (c) Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice.

Tex. Civ. Prac. & Rem. Code § 74.051(a), (c). Section 74.052 provides that

> Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

*Id*. § 74.052(a).

Russell contends that because the authorization form is required by section 74.051(a), its absence rendered Mr. Hill's notice ineffective to trigger the seventy-five day tolling period. Russell's argument, however, requires us to read the statute more strictly than necessary and requires us to imply language that the legislature chose not to insert into the statute. When interpreting a statute, we attempt to discern the legislature's intent and we begin our inquiry with the plain language of the statute. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999). We assume that the legislature "tries to say what it means" and keep in mind that "ordinary citizens should be able to rely on the plain language of a statute to mean what it says." *Id.*

4

at 866. If in our interpretation we stray from the statute's plain language, "we risk encroaching on the Legislature's function to decide what the law should be." *Id.* If the statute is unambiguous, we generally adopt the interpretation supported by the plain meaning of the statute's language. *Id.* at 865. We consider the whole statute, as well as other contextual information, not a single section in isolation. *Id.* at 866.

In enacting sections 74.051 and 74.052, the legislature unambiguously referred to the required "notice," which triggers tolling, as a separate document from the authorization form. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.051, .052. Indeed, in section 74.052(a), the legislature provided that failure to include the authorization "along with the notice" would result in a sixty-day abatement of the proceedings against the health care provider "receiving the notice" until the authorization was received by the provider. *Id.* § 74.052(a). The legislature did not state that the authorization was a *part* of the notice document or that tolling was not triggered in the absence of the authorization. Instead, it treated notice as a separate and distinct document from the authorization form, which should be included with the notice. *Id.* § 74.051. It is the provision of "notice," not the authorization form that triggers tolling under section 74.051(a).

Had the legislature intended Russell's proposed interpretation, it easily could have written that intention into the statute, and we will not read such language into the statute, which would require us to ignore the legislature's use of "notice" in the statute as distinct from the "authorization form." The purpose of the notice requirement in a health care liability case is to encourage pre-suit negotiations and settlement and to reduce litigation costs. *De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852 S.W.2d 935, 938 (Tex. 1993) (quoting *Schepps v. Presbyterian Hosp.*, 652 S.W.2d 934, 938 (Tex. 1983)); *see also Hines v. Hash*,

5

843 S.W.2d 464, 468 (Tex. 1992) (referring to former health care liability notice provision in interpreting deceptive trade practices notice provision, and stating that purpose of notice requirement statutes "is better served by abating an action filed without notice for the duration of the statutory notice period to allow the parties to negotiate, than by dismissing the action altogether"). Abatement of a suit brought by a plaintiff who fails to provide pre-suit notice, rather than immediate dismissal, also furthers negotiation and settlement. *See De Checa*, 852 S.W.2d at 938; *Schepps*, 652 S.W.2d at 938. Similarly, allowing tolling when a plaintiff sends notice without the authorization form gives the health care provider fair warning of an imminent claim and then allows the provider to obtain an abatement for negotiations and evaluation of the claim. We will not read an overly strict and unfounded requirement into section 74.051 when the plain language of the statute provides us with an unambiguous and reasonable meaning. *See Fitzgerald*, 996 S.W.2d at 865-66.

We conclude that a plaintiff's failure to include the required but separate authorization form when he provides notice of his claim to a defendant health care provider within the two-year limitations period does not bar the tolling of limitations but instead allows the provider to obtain an abatement until sixty days after she receives the authorization form. We therefore reverse the trial court's granting of summary judgment in Russell's favor and remand the cause to the court for further proceedings.

_____

David Puryear,  Justice

Before Justices Patterson, Puryear and Pemberton

Reversed and Remanded

Filed:  February 14, 2008

6