COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




THOMAS A. RABATIN,
INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MARIA RABATIN, DECEASED,
TONY CHACON AND ANDRES
CHACON,


 Appellants,


v.



JOSEPH KIDD, M.D., HAROUTIOUN
SHAHINIAN, M.D., AND NEIL
GRIESHOP, M.D. 


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


§


§


§




No. 08-07-00137-CV



Appeal from the


 County Court of Law Number Three


of El Paso County, Texas 


(TC# 2006-1296)



O P I N I O N


 This is an appeal from a summary judgment based on the statute of limitations of the
Texas Medical Liability Act. (1) Appellants mailed the notice and medical authorization form as
required to toll the statute of limitations, but the authorization form was defective. We reverse
and remand.

FACTUAL AND PROCEDURAL BACKGROUND

 Maria Rabatin was admitted to Sierra Medical Center on January 4, 2004, by Dr. Alfonso
Chavez. She passed away on January 11, 2004, due to a perforated blood vessel during the
insertion of a central line. Appellants sent a notice letter with a medical authorization form to
Dr. Grieshop on October 7, 2005. The authorization form excluded Dr. Chavez's and all other
doctors' records that were listed as having treated Mrs. Rabatin within a five-year period before
the treatment that was the basis of the claim and did not give the dates of treatment. Appellants
sent notice letters with medical authorizations forms to all defendants on December 29, 2005. 
This form again excluded the doctors' records who had treated Mrs. Rabatin within five years of
the treatment that was the basis of the claim, did not give the dates of treatment, and did not
provide who could access the records. The medical authorization form accompanying the
December letter was held to be statutorily noncompliant by the trial court. Defendants argue that
the medical authorization form sent with the October notice letter was likewise statutorily
noncompliant. However, Dr. Shahinian's attorney was able to use the December medical
authorization form to obtain Mrs. Rabatin's records from Sierra Medical Center.

 Appellants filed suit on March 20, 2006, more than two years' after Maria Rabatin's
death. On June 8, 2006, Appellants provided a statutory compliant medical records authorization
form. On July 13, 2006, the trial court granted Defendants' motions to abate for sixty days from
the receipt of the compliant authorization form. The trial court granted the Defendants' motions
for summary judgment.

 Appellants raise three issues on appeal. Appellants contend that the trial court erred in
granting the motion for summary judgment because the suit was timely filed, the medical
authorization form violates the Health Insurance Portability and Accountability Act of 1996
(HIPAA), and there is a genuine issue of material fact.

DISCUSSION

 In Appellants' first issue, they argue that summary judgment was improperly granted
because the statute of limitations was tolled. Summary judgment is reviewed de novo to
determine whether a party's right to prevail is established as a matter of law. Capitan
Enterprises, Inc. v. Jackson, 903 S.W.2d 772, 775 (Tex.App.--El Paso 1994, writ denied). A
defendant moving for summary judgment on the affirmative defense of limitations has the burden
to conclusively establish that defense. Torres v. GSC Enterprises, Inc., 242 S.W.3d 553, 561
(Tex.App.--El Paso 2007, no pet.), citing KPMG Peat Marwick v. Harrison County Housing
Finance Corp., 988 S.W.2d 746, 748 (Tex. 1999). The defendant must conclusively prove when
the cause of action accrued and negate the discovery rule if it applies and has been pled or
otherwise raised. Torres, 242 S.W.3d at 561. If the movant establishes that the statute of
limitations bars the action, the non-movant must then adduce summary judgment proof raising a
fact issue in avoidance of the statutes of limitations. Id.

 There is a two-year statute of limitations on health care liability claims, which starts from
the occurrence of the breach or tort or from the date the medical or health care treatment that is
the subject of the claim or the hospitalization for which the claim is made is completed. 
Tex.Civ.Prac.&Rem.Code Ann. § 74.251 (Vernon 2005). The medical liability statute's notice
provision, in pertinent parts, states:

 (a) Any person or his authorized agent asserting a health care liability claim
shall give written notice of such claim by certified mail, return receipt
requested, to each physician or health care provider against whom such
claim is being made at least 60 days before the filing of a suit in any court
of this state based upon a health care liability claim. The notice must be
accompanied by the authorization form for release of protected health
information as required under Section 74.052.


. . .



 (c) Notice given as provided in this chapter shall toll the applicable statute of
limitations to and including a period of 75 days following the giving of the
notice, and this tolling shall apply to all parties and potential parties.


Tex.Civ.Prac.&Rem.Code Ann. § 74.051(a), (c).


 Section 74.052 states:

 (a) Notice of a health care claim under Section 74.051 must be accompanied
by a medical authorization in the form specified by this section. Failure to
provide this authorization along with the notice of a health care claim shall
abate all further proceedings against the physician or health care provider
receiving the notice until 60 days following receipt by the physician or
health care provider of the required authorization.


 (b) If the authorization required by this section is modified or revoked, the
physician or health care provider to whom the authorization has been
given shall have the option to abate all further proceedings until 60 days
following receipt of a replacement authorization that must comply with the
form specified by this section.


Tex.Civ.Prac.&Rem.Code Ann. § 74.052(a), (b).


 Appellants argue that the statute of limitations was tolled by their sending of a notice
letter to Dr. Greishop on October 7, 2005 and to the other doctors on December 29, 2005. 
Appellees argue that the attached medical authorization form was defective, and as such,
Appellants could not receive the benefit of tolling the statute of limitations.

 Statutory construction demands that we carry out the "collective" legislative intent or
purpose. State v. Sanchez, 135 S.W.3d 698, 699 (Tex.App.--Dallas 2003), aff'd, 138 S.W.3d 324
(Tex.Crim.App. 2004). We look first to the language in the statutory text. Lexington Ins. Co. v.
Strayhorn, 209 S.W.3d 83, 85 (Tex. 2006). We rely on the plain meaning of the text unless such
a construction leads to absurd results. City of Rockwall v. Hughes, 246 S.W.3d 621, 625-26
(Tex. 2008). When a statute is unambiguous, it is inappropriate to resort to rules of construction
or extrinsic aids to construe the language. Id. at 626. In construing legislative intent, we may
consider, inter alia, the legislative history, former statutory provisions, and the consequences of a
particular construction. Sides v. Guevara, 247 S.W.3d 293, 297 (Tex.App.--El Paso 2007, no
pet.), citing Helena Chemical Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001); Tex.Gov't Code
Ann. § 311.023 (Vernon 2005).

 The Legislature's purpose in requiring notice in a medical liability suit is to encourage
pre-suit negotiations, settlement, and reduce litigation costs. Hill v. Russell, 247 S.W.3d 356,
360 (Tex.App.--Austin 2008, no pet.), citing De Checa v. Diagnostic Ctr. Hosp., Inc., 852
S.W.2d 935, 938 (Tex. 1993). We are cognizant of the holding in Hill v. Russell, which stated
only the notice letter is required to toll the statute of limitations, but do not agree with this
reading of the statute. See id. The previous statute required only a notice letter be sent to receive
the benefit of the tolling statute. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 4.01(a),(c), repealed by
Act of June 2, 2003, 78th Leg. R.S., Ch. 204, § 10.09, 2003 Tex.Gen.Laws 847, 884. Article
4590i was replaced effective September 1, 2003, with Section 74.051, and the Legislature added
the medical authorization requirement to the notice section. See Tex.Civ.Prac.&Rem.Code 
Ann. § 74.051(a).

 In this case, Appellants sent a notice letter and a authorization form to Dr. Grieshop in
October and to all the defendants in December. However, the authorization forms excluded the
doctors' records who had treated her within five years of the treatment listed as forming the basis
of the claim including Dr. Chavez, who had admitted her into the hospital, and the December
form also had blank spaces as to who could access the records. Yet, Dr. Shahinian's counsel was
able to obtain records from Sierra Medical Center on his behalf using the December
authorization form. The statute clearly requires that the notice must be accompanied by a
medical authorization form in order to toll the limitations period, which did happen here.
Tex.Civ.Prac.&Rem.Code Ann. § 74.051(a), (c). When notice is sent to any health care
provider within two years of the claim's accrual, the limitations period for all defendants is tolled
for seventy-five days. See De Checa, 852 S.W.2d at 938; Tex.Civ.Prac.&Rem.Code Ann.
§ 74.051(c). Tolling the statute of limitations when a notice letter and medical authorization
form, albeit a improperly filled out form, gives fair warning of a claim and an opportunity to
abate the proceedings for negotiations and evaluation of the claim, which carries out the
Legislature's intent in enacting the statute. See Hill, 247 S.W.3d at 360.

 We hold the notice letter sent with the medical authorization form on October 7, 2005 to
Dr. Grieshop was sufficient to toll the statute of limitations as to all the defendants through
constructive notice while the December 29, 2005 letter and authorization form provided actual
notice to all the defendants. Tex.Civ.Prac.&Rem.Code Ann. § 74.051(c); See also De Checa,
852 S.W.2d at 938. Appellants' Issue One is sustained, and as such, we need not address
Appellants' remaining two issues.

 Having sustained Appellants' Issue One, we reverse and remand the case to the trial court
for further proceedings. (2)




October 23, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, J., and Ables, Judge

Ables, Judge (Sitting by Assignment)
1. This is one of three essentially identical opinions involving all the same issues. See
Thomas A. Rabatin, Individually and as Personal Representative of the Estate of Maria Rabatin,
Deceased, Tony Chacon and Andres Chacon v. Genaro Vazquez, M.D., 08-07-00138-CV
(Tex.App.--El Paso October 23, 2008, no pet.h.) and Thomas A. Rabatin, Individually and as
Personal Representative of the Estate of Maria Rabatin, Deceased, Tony Chacon and Andres
Chacon v. Alfonso Chavez, M.D., 08-07-00139-CV (Tex.App.--El Paso October 23, 2008, no
pet.h.).
2. Appellants prayed for a consolidation of their causes of action against all Appellees into
Cause No. 2006-1296 in County Court at Law Number Three, this request should be made to the
trial court upon remand.