COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THOMAS A. RABATIN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARIA RABATIN, DECEASED, TONY CHACON AND ANDRES CHACON, | § § § § | No. 08-07-00139-CV |
| Appellants, | § § | Appeal from the County Court at Law Number Three |
| v. | § § | of El Paso County, Texas |
| ALFONSO CHAVEZ, M.D., | § | (TC# 2007-1078) |
| Appellee. | § | |

**O P I N I O N**

This is an appeal from a summary judgment based on the statute of limitations of the Texas Medical Liability Act.[1]  Appellants mailed the notice and medical authorization form as required to toll the statute of limitations, but the authorization form was defective.  We reverse and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

Maria Rabatin was admitted to Sierra Medical Center on January 4, 2004, by Dr. Alfonso Chavez.  She passed away on January 11, 2004, due to a perforated blood vessel during the

---

[1] This is one of three essentially identical opinions involving all the same issues.  *See Thomas A. Rabatin, Individually and as Personal Representative of the Estate of Maria Rabatin, Deceased, Tony Chacon and Andres Chacon v. Genaro Vazquez, M.D.*, 08-07-00138-CV (Tex.App.--El Paso October 23, 2008, no pet.h.) and *Thomas A. Rabatin, Individually and as Personal Representative of the Estate of Maria Rabatin, Deceased, Tony Chacon and Andres Chacon v. Joseph Kidd, M.D., Haroutioun Shahinian, M.D., and Neil Grieshop, M.D.*, 08-07-00137-CV (Tex.App.--El Paso October 23, 2008, no pet.h.).

insertion of a central line. Appellants sent a notice letter with a medical authorization form to Dr. Grieshop on October 7, 2005. The authorization form excluded Dr. Chavez's and all other doctors' records that were listed as having treated Mrs. Rabatin within a five-year period before the treatment that was the basis of the claim and did not give the dates of treatment. Appellants sent notice letters with medical authorizations forms to all defendants on December 29, 2005. This form again excluded the doctors' records who had treated Mrs. Rabatin within five years' of the treatment that was the basis of the claim, did not give the dates of treatment, and did not provide who could access the records. The medical authorization form accompanying the December letter was held to be statutorily noncompliant by the trial court. Defendants argue that the medical authorization form sent with the October notice letter was likewise statutorily noncompliant. However, Dr. Shahinian's attorney was able to use the December medical authorization form to obtain Mrs. Rabatin's records from Sierra Medical Center.

Appellants filed suit on March 20, 2006, more than two years' after Maria Rabatin's death. On June 8, 2006, Appellants provided a statutory compliant medical records authorization form. On July 13, 2006, the trial court granted Defendants' motions to abate for sixty days from the receipt of the compliant authorization form. The trial court granted the Defendants' motions for summary judgment.

Appellants raises three issues on appeal. Appellants contend that the trial court erred in granting the motion for summary judgment because the suit was timely filed, the medical authorization form violates the Health Insurance Portability and Accountability Act of 1996 (HIPAA), and there was a genuine issue of material fact.

## DISCUSSION

In Appellants' first issue, they argue that summary judgment was improperly granted because the statute of limitations was tolled. Summary judgment is reviewed *de novo* to determine whether a party's right to prevail is established as a matter of law. *Capitan Enterprises, Inc. v. Jackson*, 903 S.W.2d 772, 775 (Tex.App.--El Paso 1994, writ denied). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *Torres v. GSC Enterprises, Inc.*, 242 S.W.3d 553, 561 (Tex.App.--El Paso 2007, no pet.), *citing KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The defendant must conclusively prove when the cause of action accrued and negate the discovery rule if it applies and has been pled or otherwise raised. *Torres*, 242 S.W.3d at 561. If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statutes of limitations. *Id*.

There is a two-year statute of limitations on health care liability claims, which starts from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. TEX.CIV.PRAC.&REM.CODE ANN. § 74.251 (Vernon 2005). The medical liability statute's notice provision, in pertinent parts, states:

> (a)    Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

.      .      .

(c)     Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

Tex.Civ.Prac.&Rem.Code Ann. § 74.051(a), (c).

Section 74.052 states:

(a)     Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section.  Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

(b)     If the authorization required by this section is modified or revoked, the physician or health care provider to whom the authorization has been given shall have the option to abate all further proceedings until 60 days following receipt of a replacement authorization that must comply with the form specified by this section.

Tex.Civ.Prac.&Rem.Code Ann. § 74.052(a), (b).

Appellants argue that the statute of limitations was tolled by their sending of a notice letter to Dr. Greishop on October 7, 2005 and to the other doctors on December 29, 2005. Appellee argues that the attached medical authorization form was defective, and as such, Appellants could not receive the benefit of tolling the statute of limitations.

Statutory construction demands that we carry out the "collective" legislative intent or purpose. *State v. Sanchez*, 135 S.W.3d 698, 699 (Tex.App.--Dallas 2003), *aff'd*, 138 S.W.3d 324 (Tex.Crim.App. 2004).  We look first to the language in the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006).  We rely on the plain meaning of the text unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008).  When a statute is unambiguous, it is inappropriate to resort to rules of construction

-4-

or extrinsic aids to construe the language. *Id*. at 626. In construing legislative intent, we may consider, inter alia, the legislative history, former statutory provisions, and the consequences of a particular construction. *Sides v. Guevara*, 247 S.W.3d 293, 297 (Tex.App.--El Paso 2007, no pet.), *citing Helena Chemical Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); TEX.GOV'T CODE ANN. § 311.023 (Vernon 2005).

The Legislature's purpose in requiring notice in a medical liability suit is to encourage pre-suit negotiations, settlement, and reduce litigation costs. *Hill v. Russell*, 247 S.W.3d 356, 360 (Tex.App.--Austin 2008, no pet.), *citing De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852 S.W.2d 935, 938 (Tex. 1993). We are cognizant of the holding in *Hill v. Russell*, which stated only the notice letter is required to toll the statute of limitations, but do not agree with this reading of the statute. *See id*. The previous statute required only a notice letter be sent to receive the benefit of the tolling statute. TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(a),(c), *repealed* by Act of June 2, 2003, 78th Leg. R.S., Ch. 204, § 10.09, 2003 TEX.GEN.LAWS 847, 884. Article 4590i was replaced effective September 1, 2003, with Section 74.051, and the Legislature added the medical authorization requirement to the notice section. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 74.051(a).

In this case, Appellants sent a notice letter and a authorization form to Dr. Grieshop in October and to all the defendants in December. However, the authorization forms excluded the doctors' records who had treated her within five years of the treatment listed as forming the basis of the claim including Dr. Chavez, who had admitted her into the hospital, and the December form also had blank spaces as to who could access the records. Yet, Dr. Shahinian's counsel was able to obtain records from Sierra Medical Center on his behalf using the December

authorization form. The statute clearly requires that the notice must be accompanied by a medical authorization form in order to toll the limitations period, which did happen here. TEX.CIV.PRAC.&REM.CODE ANN. § 74.051(a), (c). When notice is sent to any health care provider within two years of the claim's accrual, the limitations period for all defendants is tolled for seventy-five days. *See De Checa*, 852 S.W.2d at 938; TEX.CIV.PRAC.&REM.CODE ANN. § 74.051(c). Tolling the statute of limitations when a notice letter and medical authorization form, albeit a improperly filled out form, gives fair warning of a claim and an opportunity to abate the proceedings for negotiations and evaluation of the claim, which carries out the Legislature's intent in enacting the statute. *See Hill*, 247 S.W.3d at 360.

We hold the notice letter sent with the medical authorization form on October 7, 2005 to Dr. Grieshop was sufficient to toll the statute of limitations as to all the defendants through constructive notice while the December 29, 2005 letter and authorization form provided actual notice to all the defendants. TEX.CIV.PRAC.&REM.CODE ANN. § 74.051(c); *See also De Checa*, 852 S.W.2d at 938. Appellants' Issue One is sustained, and as such, we need not address Appellants' remaining two issues.

Having sustained Appellants' Issue One, we reverse and remand the case to the trial court for further proceedings.[2]

October 23, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Ables, Judge
Ables, Judge (Sitting by Assignment)

---

[2] Appellants prayed for a consolidation of their causes of action against all Appellees into Cause No. 2006-1296 in County Court at Law Number Three, this request should be made to the trial court upon remand.