

## NUMBER 13-09-156-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**JOSE CARRERAS, M.D., P.A.,**          **Appellant,**

**v.**

**CARLOS FRANCISCO MARROQUIN, ET AL.,**          **Appellees.**

---

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

---

## OPINION

### Before Justices Rodriguez, Garza, and Vela
### Opinion by Justice Vela

This is an agreed interlocutory appeal from the denial of a summary judgment in a

health care liability claim.[1] The sole issue is one of statutory construction: whether the

---

[1]A district court is permitted to issue a written order for an interlocutory appeal in a civil action not
otherwise appealable if:

(1) the parties agree that the order involves a controlling question of law as to which there is
substantial grounds for difference of opinion;

failure of a plaintiff to include a medical authorization with its notice of a health care liability claim to a health care provider bars the tolling of the statute of limitations permitted in section 74.051 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 74.051 (Vernon 2005). We conclude that the medical authorization requirement in section 74.052 is independent from the notice requirement set forth in section 74.051; as such, the statute does not operate to bar tolling of limitations when a plaintiff properly provides pre-suit notice to a health care provider without initially providing a medical authorization. *See id.* § 74.052 (Vernon 2005). Accordingly, we affirm the trial court's denial of the summary judgment motion.

## I. BACKGROUND

Appellant, Jose R. Carreras, M.D., operated on Priscilla Marroquin on December 19, 2001 to repair her broken leg. On December 17, 2003, the appellees, Marroquin's parents, sent a pre-suit "Notice of Health Care Liability Claim" to Dr. Carreras, alleging that as a result of the lack of pre- and post-surgery treatment, Priscilla suffered a bilateral pulmonary embolism and bilateral fat emboli that eventually led to her death. This notice was not accompanied by an authorization for the release of Priscilla's medical information. On February 26, 2004, the Marroquins filed suit against Jose Carreras, M.D., P.A. and Mission Hospital, Inc. Thereafter, on May 14, 2004, Dr. Carreras answered the lawsuit and requested abatement of the case because the Marroquins failed to provide a medical authorization. On June 2, 2004, the trial court granted Dr. Carreras's request and abated

---

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and

(3) the parties agree to the order.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)(1) (Vernon 2008).

2

the action until sixty days following receipt of the medical authorization, which the Marroquins provided on September 10, 2004. *See id*. § 74.052. Dr. Carreras then filed a motion for summary judgment based on the affirmative defense of limitations. The trial court denied the motion, and on March 5, 2009, the court entered an agreed order permitting this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)(1) (Vernon 2008).

Dr. Carreras argues that the Marroquins' initial failure to provide a medical authorization with their notice bars the invocation of the seventy-five day tolling provision afforded by section 74.051(c). *Id*. § 74.051(c). The Marroquins did not initially provide a medical authorization form to Dr. Carreras along with their notice of health care liability claim, nor did they file suit within two years after the limitations period had expired. The sole issue before us, then, is whether, by providing notice alone, without the medical authorization form, the Marroquins are entitled to rely on the tolling provision in section 74.051(c). *Id*. § 74.051(c).

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the granting of summary judgment under well-established standards of review. *See* TEX. R. CIV. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

> "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action. If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations."

*Diversicare*, 185 S.W.3d at 846 (citations omitted).

There is a two year statute of limitations for health care liability claims, which begins

3

from the occurrence of the breach or tort or from the date the medical claim or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.251 (Vernon 2005).

When interpreting a statute, we begin our inquiry with the language of the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006). We rely on the plain meaning of the text, unless such construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008). We assume the legislature "tries to say what it means" and that "ordinary citizens should be able to rely on the plain language of a statute to mean what it says." *Fitzgerald v. Advanced Spine Fixation Sys.*, *Inc.*, 996 S.W.2d 864, 866 (Tex. 1999). If, in our interpretation, we stray from the statute's plain language, "we risk encroaching on the Legislature's function to decide what the law should be." *Id*. If the statute is unambiguous, we generally adopt the interpretation supported by the plain meaning of the statute's language. *Id*. at 865. We consider the whole statute, as well as other contextual information, rather than a single section in isolation. *Id*. at 866.

Section 74.051 states that:

(a) Any person . . . asserting a health care liability claim shall give written notice of such claim to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit . . . . The notice must be accompanied by the authorization for release of protected health information as required under Section 74.052.

. . .

(c) Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

TEX. CIV. PRAC. & REM. CODE § 74.051(a)(c). Section 74.052(a) provides that:

Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall

> abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

*Id*. § 74.052(a).

Two of our sister courts have interpreted these provisions and have ruled on the issue that is now before this Court. *See Rabatin v. Kidd*, 281 S.W.3d 558, 562 (Tex. App.–El Paso 2008, no pet.); *Hill v. Russell*, 247 S.W.3d 356, 360 (Tex. App.–Austin 2008, no pet.). While both courts agreed that the purpose of the notice requirement in a health care liability case is to encourage pre-suit negotiations and settlement and to reduce litigation costs, they reached opposite results. In *Rabatin*, the El Paso Court of Appeals held that "the statute clearly requires that the notice must be accompanied by a medical authorization form in order to toll the limitations period." *Rabatin,* 281 S.W.3d at 562. The *Rabatin* Court reasoned that the previous version of the statute required only that a notice letter be sent in order to receive the benefit of the tolling provision. *Id*.; *see* TEX. REV. CIV. STAT. ANN. art. 4590(i) § 4.01(a), (c), *repealed by* Act of June 2, 2003, 78th Leg. R.S., Ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. The El Paso Court opined that when the legislature amended the statute to include the medical authorization requirement, it sought to require both the notice and medical authorization to be filed in order to trigger the tolling provision.

The court in *Hill v. Russell*, however, concluded otherwise. 247 S.W.3d at 360. In *Hill*, the Austin Court of Appeals held that a plaintiff's failure to include the required, but separate, medical authorization form upon providing notice to a defendant health care provider does not bar the tolling provisions afforded in section 74.051, reasoning that, in enacting sections 74.051 and 74.052, the Legislature unambiguously referred to the required "notice," which triggers tolling, as separate from the medical authorization form:

> Indeed, in section 74.052(a), the legislature provided that failure to include the authorization "along with the notice" would result in a sixty-day abatement of the proceedings against the health care provider "receiving the notice" until the authorization was received by the provider. . . The legislature did not state that the authorization was a *part* of the notice document or that tolling was not triggered in the absence of the authorization. Instead, it treated notice as a separate and distinct document from the authorization form, which should be included in the notice. . . .It is the provision of "notice," not the authorization form that triggers tolling under Section 74.051(a).

*Id.* at 359. (citations omitted).

In reaching its conclusion, the Hill Court explained that if the Legislature intended the interpretation proposed by the defendant—that the tolling provision is barred absent a medical authorization—it easily could have written that intention into the statute. *Id.* The court refused to read such language into the statute, because it would require the Court to ignore the Legislature's use of notice in the statute as distinct from the authorization form. *Id*. at 360. The *Hill* Court also took note of the separate remedy provided by the statute to a health care provider when a plaintiff does not provide a medical authorization: abatement until sixty days after receipt of the authorization form.

We agree with the reasoning in *Hill.* The plain language of the statute makes the notice requirement independent from the medical authorization requirement. In drafting this legislation, the Legislature crafted a different remedy for the failure to comply with each requirement. For example, section 74.051(c) provides "that notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of notice." *Id*. This provision benefits the plaintiff who complies with the notice requirement because it tolls limitations for 75 days. In 2003, the Legislature enacted section 74.052 of the civil practice and remedies code as part of its effort to decrease the cost of medical care and increase its availability, in part, by decreasing the costs of health care liability claims. *In re Collins,* No.07-0737, 2009 WL 1567175, at *4

6

(Tex. June 5, 2009); *see* Act of June 2, 2003, 78th Leg., R. S., ch. 204, § 10.11(b), 2003 Tex. Gen. Laws 847, 884-85. By requiring the disclosure of relevant health care information, both verbal and written, the statute furthers full, efficient, and cost effective discovery. *Id*. at *4. Requiring a potential claimant to authorize the disclosure of otherwise privileged information sixty days before suit is filed provides an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage. *Id.*

Nothing in the statute suggests that the Legislature, by enacting section 74.502, was attempting to add an additional step or hurdle with respect to the notice provision. It is a separate section of the code enacted for a specific purpose. We conclude that the Marroquins are not barred from taking advantage of the tolling provision of section 74.051 merely because they failed to include a medical authorization form with their notice. We overrule appellant's sole issue.

## III. CONCLUSION

We affirm the order of the trial court denying appellant's motion for summary judgment.


ROSE VELA
Justice


Opinion delivered and filed
this 25th day of August, 2009.


7