**JOSE CARRERAS, M.D.,
P.A., Petitioner,**

v.

**Carlos Francisco MARROQUIN,
et al., Respondents.**

No. 09–0857.

Supreme Court of Texas.

Argued Oct. 14, 2010.

Decided April 1, 2011.

Rehearing Denied June 10, 2011.

Ida Cecilia Garza, Ronald G. Hole, Hole & Alvarez, L.L.P., McAllen, for Jose Carreras M.D., P.A.

Fernando G. Mancias, Law Office of Fernando G. Mancias, PLLC, Fabian Guerrero, Edinburg, for Carlos Francisco Marroquin.

Justice WAINWRIGHT delivered the opinion of the Court.

In this dispute, parents brought wrongful death claims against a physician who allegedly caused their adult child's death. The parents attempted to toll the statute of limitations by sending pre-suit notice of their health care liability claims to the physician shortly before the statute of limitations ran, but failed to accompany it with an authorization form for the release of their daughter's medical information as required by Chapter 74 of the Texas Civil Practice and Remedies Code. After the parents filed suit, the doctor moved for summary judgment, arguing that the notice alone did not toll the statute of limitations, and the suit therefore was untimely. The trial court denied the motion and entered an agreed order permitting appeal. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(d). The court of appeals affirmed the denial. 297 S.W.3d 420, 424 (Tex.App.-Corpus Christi–Edinburg 2009, pet. granted). Because we hold that Chapter 74 requires that an authorization form accompany the provision of notice for the statute of limitations to be tolled, we reverse and render.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Twenty-three-year-old Priscilla Marroquin fell off a bicycle and broke her leg on December 16, 2001. Priscilla was treated at Starr County Hospital in Rio Grande City, Texas, and then transferred to Mission Hospital in Mission, Texas. At Mission Hospital, Dr. Jose Carreras operated on Priscilla's leg on December 18, 2001. Priscilla died on December 20, 2001 due to bilateral pulmonary embolisms, bilateral fat embolisms,[1] respiratory depression, and cardiac arrest allegedly resulting from insufficient post-surgery treatment. Priscilla's parents, Carlos and Cynthia Marroquin (the Marroquins), prosecuted claims for damages resulting from Priscilla's wrongful death.

Health care liability claims are governed by special procedures in Chapter 74 of the Texas Civil Practice and Remedies Code. One of these is pre-suit notice; health care liability plaintiffs must provide written notice of a health care liability claim "by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit...." TEX. CIV. PRAC. & REM.CODE § 74.051(a). Providing notice of a health care liability claim will toll the statute of limitations for seventy-five days, if the notice is "given as provided" in Chapter 74. *Id.* § 74.051(c). Chapter 74 requires that "notice must be accompanied by [an] authorization form for release of protected health information...." *Id.* § 74.051(a). Section 74.052 provides that failure to accompany notice with such an authorization results in an abatement of sixty days from the date an authorization is received. *Id.* § 74.052. The statute prescribes the form

---

1. A pulmonary embolism is "the closure of the pulmonary artery or one of its branches by an embolus." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 614 (31st ed.2007). An embolus is "a mass, which may be a blood clot or some other material, that is brought by the bloodstream through the vasculature, lodging in a vessel or bifurcation too small to allow it to pass, obstructing the circulation." *Id.* A fat embolism is "an embolism caused by fat that has entered the circulation, especially after fractures of large bones." *Id.* at 613.

and content of the required authorization form. *Id.* § 74.052(c).

On December 17, 2003, two days before the two-year statute of limitations would have expired, the Marroquins provided Dr. Carreras with notice of their health care liability claims. However, the Marroquins did not send an authorization form to Dr. Carreras at that time. On February 26, 2004, the Marroquins filed suit in Hidalgo County. After his counsel refused to accept service on his behalf because of the possibility that the statute of limitations had run, Dr. Carreras was served personally. He filed a plea in abatement and answer objecting to the case proceeding because he had not received the statutorily required authorization and requesting an abatement under section 74.052. The trial court granted Dr. Carreras's plea in abatement on June 2, 2004.

Two weeks later, the Marroquins provided Dr. Carreras with another notice including a list of medical providers and an authorization form that complied with the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA), but not with the state requirements under Chapter 74.[2] Counsel for Dr. Carreras sent a letter to the Marroquins on September 7, 2004 advising them that the authorization provided was not in the form specified by section 74.052. The Marroquins responded by providing Dr. Carreras with an authorization form on September 10, 2004 that complied with sections 74.051 and 74.052, approximately nine months after the Marroquins provided their original notice unaccompanied by an authorization and almost seven months after they filed suit.

Dr. Carreras moved for summary judgment, claiming that the Marroquins' claims were barred by the applicable statute of limitations. The Marroquins argued that notice was provided and the suit was filed within the statute of limitations as tolled by Chapter 74, and contended that the uncooperative nature of the defense counsel was responsible for the confusion regarding the authorization form. In a letter ruling, the trial court held that the requirement for notice and an authorization form under sections 74.051 and 74.052 were separate. Because notice had been given, the statute of limitations was tolled, notwithstanding the Marroquins' failure to simultaneously provide the statutorily required authorization. The trial court therefore denied Dr. Carreras's motion for summary judgment.[3] The court issued a written order for interlocutory appeal, and Dr. Carreras appealed. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(d).[4] The court of

**2.** The HIPAA authorization form was signed by Cynthia Marroquin, Priscilla's mother, and witnessed on November 10, 2003, over a month before the Marroquins gave Dr. Carreras notice of their claims. The Marroquins do not explain why it was not sent to Dr. Carreras with the original notice.

**3.** Prior to the interlocutory appeal at issue here, Dr. Carreras also brought an interlocutory appeal pursuant to Texas Civil Practice and Remedies Code section 51.014(a)(9) challenging the trial court's denial of Dr. Carreras's motion for dismissal and sanctions, in which he claimed the Marroquins' expert report was untimely and insufficient. The court of appeals affirmed the trial court's ruling,

and we denied the petition for review. *Carreras v. Marroquin*, No. 13–05–082–CV, 2005 WL 2461744 (Tex.App.-Corpus Christi–Edinburg Oct. 6, 2005, pet. denied).

**4.** In 2005, the Legislature amended section 51.014 ("Appeal from Interlocutory Order") to allow a trial court, with agreement of the parties, by written order to certify an interlocutory appeal on a "controlling question of law as to which there is substantial ground for difference of opinion." Act of May 27, 2005, 79th Leg., R.S., ch. 1051 § 1, 2005 Tex. Gen Laws 3512, 3512–13 (current version at TEX. CIV. PRAC. & REM.CODE § 51.014(d)).

appeals affirmed the trial court. 297 S.W.3d at 424. Dr. Carreras filed a petition for review with this Court, which we granted.

## II. JURISDICTION AND STANDARD OF REVIEW

◼ Our jurisdiction over interlocutory appeals is limited. One ground for our jurisdiction is for cases in which "one court holds differently from another" on a question of law material to a decision of the case such that "there is inconsistency in their respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants." TEX. GOV'T CODE §§ 22.001(e), .225(e). We have jurisdiction over this petition as there are two courts of appeals opinions that conflict with two other appellate courts' opinions in interpreting the effect of sections 74.051 and 74.052 on tolling of the statute of limitations when a medical authorization form has not been provided as required under the statute. In *Nicholson v. Shinn*, the Houston First Court of Appeals held that "notice is not proper, and the statute of limitations [is] not tolled" when notice is provided without an authorization form or with a deficient authorization form. No. 01–07–00973–CV, 2009 WL 3152111, at *4 (Tex.App.-Houston [1st Dist.] Oct. 1, 2009, no pet.). A similar conclusion was reached by the El Paso Court of Appeals in *Rabatin v. Kidd*, where the court held that both notice and an authorization form were required to toll the statute of limitations. 281 S.W.3d 558, 562 (Tex.App.-El Paso 2008, no pet.). On the other hand, two courts of appeals— including the court of appeals in this case—have held that failing to accompany notice with an authorization form does not prevent tolling of the statute of limitations, but merely allows the defendant to obtain an abatement until sixty days after the authorization form is received. *Hill v.*

*Russell,* 247 S.W.3d 356, 360 (Tex.App.-Austin 2008, no pet.); *Carreras,* 297 S.W.3d at 423–24.

◼ This is an interlocutory appeal certified by the trial court after denial of a motion for summary judgment. We review issues of statutory construction and summary judgments de novo. *McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003); *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003).

## III. LAW AND ANALYSIS

◼ Health care liability claims have a two-year limitations period. TEX. CIV. PRAC. & REM.CODE § 74.251(a). There is no dispute that the Marroquins filed suit more than two years after their causes of action against Dr. Carreras accrued. However, the Civil Practice and Remedies Code provides for tolling of the statute of limitations for a health care liability claim if notice of the claim is "given as provided" in Chapter 74 to the health care provider. *Id.* §§ 74.051, .052. Section 74.051(a) requires that "notice must be accompanied by [an] authorization form for release of protected health information as required under Section 74.052," permitting the health care provider access to the claimant's pertinent medical records. *Id.* § 74.051(a). The question before us is whether notice provided without an authorization form is considered to be given "as provided" in Chapter 74 and effective to toll the statute of limitations, or whether notice given without an authorization form is insufficient to toll limitations.

◼ Statutory interpretation begins by examining the text of the statute. *McIntyre,* 109 S.W.3d at 745. Section 74.051 provides:

(a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by

certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. *The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.*

(c) *Notice given as provided in this chapter shall toll the applicable statute of limitations* to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

TEX. CIV. PRAC. & REM.CODE § 74.051(a), (c) (emphasis added). In addition, section 74.052 provides:

(a) Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

(b) If the authorization required by this section is modified or revoked, the physician or health care provider to whom the authorization has been given shall have the option to abate all further proceedings until 60 days following receipt of a replacement authorization that must comply with the form specified by this section.

*Id.* § 74.052(a),(b).

The text of section 74.051(c), which states that notice must be "given as provided," does not provide a facial definition of notice. Both sections 74.051(a) and 74.052(a) specify that the notice "must be accompanied by" an authorization form, and section 74.052(a) provides for abatement if an authorization form is not provided "along with" notice. *Id.* §§ 74.051(a), .052(a). "Must accompany" is a directive that creates a mandatory condition precedent. *See Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 494 (Tex. 2001) (holding that the legislated requirement that a person "must" perform an act creates a condition precedent (citing TEX. GOV'T CODE § 311.016(3))). If the authorization does not accompany the notice, then the benefit of the notice—tolling—may not be utilized.

The statutory history of these two sections bolsters our interpretation. The Legislature originally introduced the notice requirement provision in section 74.051 as part of the Medical Liability and Insurance Improvement Act (MLIIA) in 1977. Medical Liability and Insurance Improvement Act, 65th Leg., R. S., ch. 817, § 4.01, 1977 Tex. Gen. Laws 2039, 2047–48, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. The original language of the statute provided, as it does now, that any person asserting a health care liability claim must give written notice to the health care provider at least sixty days before filing suit. *Id.* However, it did not include the last sentence in the successor provision, section 74.051(a). At that time, written notice of a claim would trigger tolling. The notice requirement remained unchanged until 2003. In House Bill 4 in 2003, the MLIIA was codified in Chapter 74 of the Civil Practice and Remedies Code, and the Legislature added specific language to section 74.051(a) requiring that notice of a health care liability claim "must be accompanied" by a medical au-

thorization form.[5] TEX. CIV. PRAC. & REM. CODE § 74.051(a). Although notice and a medical authorization are treated separately for some purposes, after the 2003 amendment to the text, both are required to constitute notice "as provided" by Chapter 74.

■ This interpretation also follows from the purpose of the notice provision, which is to encourage negotiations and settlement of disputes prior to suit, thereby reducing litigation costs. *Garcia v. Gomez*, 319 S.W.3d 638, 643 (Tex.2010). The Legislature intended that "by requiring a potential claimant to authorize the disclosure of otherwise privileged information sixty days before suit is filed, the statute [would] provide[ ] an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage." *In re Collins*, 286 S.W.3d 911, 916–17 (Tex.2009). By encouraging pre-suit negotiation and settlement, the authorization requirement furthers an original goal of the MLIIA, resolving claims before suit is filed. Conversely, allowing the advantages of tolling the statute of limitations without provision of an authorization form would undermine the Legislature's intention to provide a method for quick, efficient settlement of claims and to identify non-meritorious claims early. If an authorization form is not provided pre-suit, the pre-suit negotiation period triggered by the notice requirement would become meaningless, as doctors receiving notice without an authorization form could not procure medical records from other physicians or institutions to investigate the claims asserted against them. The statute of limitations is tolled only if both notice and an authorization form are provided.

■ We also interpret statutes to avoid an absurd result. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex.2008) ("[W]e construe the statute's words according to their plain and common meaning ... unless such a construction leads to absurd results."). If the authorization form was not considered a part of the notice requirement, an absurd result would be possible under Chapter 74. Section 74.052(a) provides that "[f]ailure to provide [the] authorization along with the notice of health care claim shall abate all further proceedings ... until 60 days following receipt by the physician or health care provider of the required authorization." TEX. CIV. PRAC. & REM.CODE § 74.052(a). This language does not set a deadline by which plaintiffs must abide. Instead, the abatement could continue at the plaintiff's leisure until sixty days after the plaintiff chooses to provide the defendant with an authorization. It is not reasonable to interpret a statute which is meant to provide speedy resolution of meritorious health care liability claims and quick dismissal of nonmeritorious claims to allow a lengthy or indefinite delay of the resolution of a health care liability claim.

The Marroquins argue, and the court of appeals held, that service of an authorization form is unnecessary to toll the statute of limitations because a separate remedy—abatement—is provided for failure to accompany notice with an authorization form. *See id.* § 74.052(b). However, the abatement has a use in situations in which the tolling provision is not at issue. If notice is provided without an authorization well within the statute of limitations, and the case could be filed sixty days later and still fall within the limitations period, the

---

5. HIPAA, enacted in 1996, includes a general rule requiring authorization prior to use or disclosure of medical records. Health Insurance Portability and Accountability Act of 1996, Pub.L. No. 104–191, § 262, 110 Stat. 1936, 2021–31 (codified as amended at 42 U.S.C. §§ 1320d to 1320d–8 (2006)).

defendant's statutory remedy is to halt proceedings until an authorization form is received. The abatement remedy fulfills that purpose.

## IV. CONCLUSION

Accordingly, considering the text, history, and purpose of the statutes at issue, we conclude that for the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form. The Marroquins did not provide the statutorily required authorization form until after the statute of limitations expired, their claims were untimely, and the court of appeals erred in holding that Chapter 74 does not bar tolling of limitations when a plaintiff provides the required pre-suit notice without also providing the required medical authorization form. Accordingly, we reverse the judgment of the court of appeals and render judgment that the Marroquins take nothing.