

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 29, 2012

The Honorable Robert Vititow
Rains County Attorney
Post Office Box 1075
Emory, Texas 75440

Opinion No. GA-0941

Re: Whether, under section 775.034, Health and Safety Code, a county commissioners court may meet to vote on the appointment of a member of the governing board of an emergency services district prior to January 1 of the year in which the appointment takes effect (RQ-1027-GA)

Dear Mr. Vititow:

You ask whether, under the terms of section 775.034 of the Health and Safety Code, a county commissioners court may meet to vote on the appointment of a member of the governing board of an emergency services district prior to January 1 of the year in which the appointment takes effect.[1]

Section 775.034 of the Health and Safety Code provides, in relevant part:

> (a) The commissioners court of a county in which a single-county [emergency services] district is located shall appoint a five-member board of emergency services commissioners to serve as the district's governing body. . . .
>
> . . . .
>
> (c) After the votes are canvassed and the commissioners court enters the order creating the district, the commissioners court shall appoint the initial emergency services commissioners to serve until January 1 of the year following the district election. . . .
>
> (d) On January 1 of each year, the commissioners court shall appoint a successor for each emergency services commissioner whose term has expired.

---

[1] See Letter from Honorable Robert Vititow, Rains Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Dec. 7, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

TEX. HEALTH & SAFETY CODE ANN. § 775.034(a), (c), (d) (West 2010). You question whether subsection (d) requires the appointment of an emergency services commissioner precisely on January 1, or, in the alternative, whether the county commissioners court may make the appointment on a prior date for the term that begins on January 1.

Subsection (c) of section 775.034 does make clear that the *term* of the office at issue begins on January 1. *Id.* § 775.034(c). But the statute does not state the consequences of a failure to hold a vote to appoint on the precise date of January 1. *See id.* The date of the *vote* is not a matter of statutory consideration. The statute's only concern is the date of *appointment*. As a consequence, we read subsection (d) to require only that, regardless of the date on which the commissioners court *meets* to vote on the appointment at issue, the actual *appointment* shall take place on January 1. *See id.* § 775.034(d). We take note of the incontrovertible fact that January 1 is a legal holiday on which governmental bodies are invariably closed. TEX. GOV'T CODE ANN. §§ 662.003(a)(1) (West 2004) (January 1 is a national holiday), 662.021 (a national holiday is a "legal holiday"), 662.022 (recognizing that a public office of this state may be closed on a legal holiday).[2]

In addition, to disallow prior to January 1 a meeting to vote on the appointment to an office whose term *begins* on that date would necessarily result in the appointee's failure to begin her term until a later time. Any appointee must be notified of the appointment, determine whether to accept the appointment, notify the commissioners court of her decision, take the oath of office, and prepare to begin the exercise of her duties. We do not believe that the Legislature intended to prescribe such a rushed process. *See Carreras v. Marroquin*, 339 S.W.3d 68, 73 (Tex. 2011) (stating courts will "interpret statutes to avoid an absurd result").

We conclude that a county commissioners court may meet to vote on the appointment of a member of the governing board of an emergency services district on a date prior to January 1 of the year in which the appointment takes effect. Because we answer your first question in the affirmative, we need not address your second question.

---

[2]January 1 is a legal holiday in Rains County. Tel. conversations with Misty Johnson, Legal Assistant to Rains Cnty. Att'y and Kathy Lucas, Assistant to Rains Cnty. Judge (Mar. 14, 2012).

## S U M M A R Y

A county commissioners court may meet to vote on the appointment of a member of the governing board of an emergency services district on a date prior to January 1 of the year in which the appointment takes effect.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee