

# NUMBER 13-12-00568-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CARMEN CANTU,                                           **Appellant,**

**v.**

MISSION REGIONAL MEDICAL
CENTER, ET AL.,                                     **Appellees.**

## On appeal from the 398th District Court of
## Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Perkes**
**Memorandum Opinion by Justice Garza**

In this health-care liability case, appellant, Carmen Cantu, appeals a summary

judgment granted in favor of appellees, McAllen Medical Center ("MMC"), Mission

Regional Medical Center ("Mission"), Ruy Mireles-Quintanilla, M.D., Oscar Tijerina, M.D., Jorge Roque, M.D., and Rita Villanueva, M.D. By two issues, Cantu contends the trial court erred in granting: (1) appellees' traditional motions for summary judgment on limitations grounds; and (2) appellees' no-evidence motions for summary judgment on the grounds that Cantu failed to timely designate experts and therefore had no evidence in support of her health-care liability claims. We affirm.

## I.    BACKGROUND

Cantu became paralyzed after she underwent surgery at MMC on September 24, 2008 to relieve spinal cord compression. On September 3, 2010, she sent MMC and Mission a notice of a health-care liability claim, pursuant to section 74.051 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051 (West, Westlaw through 2013 3d C.S.). However, instead of providing the statutorily-required medical records authorization form, *see id.* § 74.052, (West, Westlaw through 2013 3d C.S.), Cantu attached to each notice a signed HIPAA medical records release form authorizing release of her medical records only to her attorneys.[1]

On November 23, 2010, Cantu sued appellees, alleging that treatment she received on September 20–24, 2008 negligently delayed proper diagnosis and treatment of her condition. On June 20, 2011, MMC filed a plea in abatement, in which it argued that because Cantu failed to provide the statutorily-required authorization form, she failed to give timely and proper notice of her claim. *See id.* §§ 74.051, 74.052. On June 21, 2011, Cantu executed an authorization form that complied with section 74.052.

On September 1, 2011, MMC filed an amended answer asserting a limitations

---

[1] "HIPAA" stands for the Health Insurance Portability and Accountability Act.

2

defense and a traditional motion for summary judgment on limitations grounds. MMC argued that Cantu's suit was barred by the two-year statute of limitations, and that limitations were not tolled because she had failed to comply with section 74.051(a)'s notice provision by failing to include the statutorily-required authorization form. *See id.* §§ 74.051(a), 74.052(c). As summary judgment evidence, MMC attached, among other documents: (1) the notice letters with the non-compliant medical records release form; (2) Cantu's petition; (3) Cantu's statutorily-compliant authorization form dated June 21, 2011; and (4) an excerpt from the reporter's record of the July 18, 2011 abatement hearing during which Cantu's counsel admitted that the initial authorization form did not comply with section 74.052 requirements.

On September 6, 2011, Drs. Tijerina, Villanueva, and Roque filed a traditional motion for summary judgment on limitations grounds, in which they asserted that Cantu's claims were barred by limitations and that she failed to provide notice of her claims as required by chapter 74. Drs. Tijerina, Villanueva, and Roque attached a copy of Cantu's petition as summary judgment evidence.

On September 27, 2011, Mission filed a traditional motion for summary judgment, in which it asserted the same argument made by MMC: that Cantu's claims are barred by limitations and limitations were not tolled because she failed to provide the statutorily-required authorization form and therefore failed to provide notice as required by section 74.051. Mission's summary judgment evidence included: (1) Cantu's notice to Mission with the non-compliant medical records release form; (2) Cantu's petition; and (3) an excerpt from the abatement hearing containing Cantu's counsel's admission that the initial authorization form did not comply with the requirements of chapter 74.

3

On October 26, 2011, Dr. Mireles-Quintanilla filed a traditional motion for summary judgment asserting the same limitations argument as asserted in the other defendants' motions. Dr. Mireles-Quintanilla's summary judgment evidence included: (1) the notice letters with the non-statutorily-compliant medical release forms; (2) Cantu's petition; and (3) the excerpt from the hearing containing Cantu's counsel's admission that the authorization form was non-compliant.

Cantu filed responses to the motions filed by MMC, Mission, and Drs. Tijerina, Villanueva, and Roque. In her response to MMC and Mission's motions, Cantu argued that, although the authorization she provided did not follow the "format" required by section 74.052, it nevertheless "substantially complied" with the statutory requirements. She also argued that section 74.052 is unconstitutional because it violates the "open courts" provision. *See* TEX. CONST. art. 1, § 13. In her response to Drs. Tijerina, Villanueva, and Roque, Cantu argued that her notice to MMC and Mission tolled the statute of limitations for all defendants.

On November 2, 2011, the trial court held a hearing on appellees' motions for summary judgment. At the conclusion of the hearing, the trial court took the motions under advisement.

Cantu failed to designate experts by the March 20, 2012 deadline. On March 28, 2012, MMC filed a no-evidence motion for summary judgment asserting that because Cantu failed to timely designate any experts, she could not produce any evidence proving the elements of her health-care liability claims. Mission, Dr. Mireles-Quintanilla, and Drs. Tijerina, Villanueva, and Roque also filed no-evidence motions for summary judgment on

the same grounds.[2]  On April 23, 2012, approximately one month after the deadline, Cantu filed her designation of experts.  Appellees each filed motions to strike Cantu's designation of experts based on her untimely designation.  Cantu filed a response to appellees' no-evidence motions, asserting that the trial court should consider her late-filed designation of experts and expert reports, which constituted more than a scintilla of evidence on the challenged elements of her claims.

## II.     STANDARD OF REVIEW AND APPLICABLE LAW

We review summary judgments de novo.  *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004); *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. filed).  We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor*.  Joe,* 145 S.W.3d at 157.  In reviewing a traditional motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Joe*, 145 S.W.3d at 157.  When, as here, a defendant moves for traditional summary judgment on an affirmative defense, the defendant must conclusively establish each essential element of that affirmative defense. *See* TEX. R. CIV. P. 166a(c); *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 835 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).  We affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious.  *Joe*, 145 S.W.3d at 157.

It is an affirmative defense that a statute of limitations bars a claim.  TEX. R. CIV. P.

---

[2] We note that the pages of the no-evidence motions filed by Dr. Mireles-Quintanilla and Drs. Tijerina, Villanueva, and Roque are out of order in the supplemental clerk's record.

Accordingly, each appellee bore the burden of establishing as a matter of law that Cantu's claims were time-barred. *See Mitchell*, 376 S.W.3d at 835.

Health care liability claims are governed by a two-year limitations period. Tex. Civ. Prac. & Rem. Code Ann. § 74.251 (West, Westlaw through 2013 3d C.S.). The two-year limitations period can be tolled for up to seventy-five days if proper notice is given. *See id.* § 74.051(c). Section 74.051(a) provides that prior to filing suit, a plaintiff asserting a health-care liability claim must provide at least sixty days' notice to each physician or health care provider against whom a claim is made. *Id.* § 74.051(a). The notice must be accompanied by a medical-records release form as detailed in section 74.052. *Id.* §§ 74.051(a); 75.052(a) ("Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section."). Section 74.052(c) states that "[t]he medical authorization required by this section shall be in the following form" and includes the text of the form with appropriate blanks to be filled in. *Id.* § 74.052(c); *see Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 69–70 (Tex. 2011) ("The statute prescribes the form and content of the required authorization form."). Tolling occurs only when the plaintiff provides notice and the executed medical-records release authorization form. *Carreras*, 339 S.W.3d at 73.

### III. DISCUSSION[3]

---

[3] Ordinarily, when a trial court's order does not specify the grounds for its ruling, we first review the movant's no-evidence grounds. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004). If summary judgment was not proper on no-evidence grounds, we then review the movant's traditional grounds for summary judgment. Here, however, the ground asserted in the movants' traditional motions for summary judgment—that Cantu's suit is barred by limitations—is dispositive, and we address it first. *See* Tex. R. App. P. 47.1; *Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150, 157 (Tex. 2004) (noting that appellate courts will affirm a summary judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious"); *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993) ("[W]hen there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was granted, the appealing party must negate all grounds on appeal.").

## A.  Notice and Tolling Limitations

It is undisputed that Cantu's suit, filed November 23, 2010, was filed outside of the two-year statute of limitations but within the seventy-five day tolling provision provided in section 74.051, if the tolling provision applies.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051.  Cantu concedes that the medical-records authorization form that she sent to MMC and Mission on September 3, 2010 "did not follow the format" specified in section 74.052, *see id.* § 74.052.  She argues, however, that providing notice with a defective authorization form nonetheless triggers the tolling provision.  We disagree.

Cantu cites two cases in support of her argument that providing notice with a defective authorization form triggers the tolling provision:  *Rabatin v. Kidd*, 281 S.W.3d 558, 562 (Tex. App.—El Paso 2008, no pet.) and *Mock v. Presbyterian Hospital of Plano*, 379 S.W.3d 391, 395 (Tex. App.—Dallas 2012, pet. denied).  In *Rabatin*, the plaintiffs timely sent a notice letter to one defendant, but the plaintiffs' authorization form excluded the medical records of the patient's other medical providers for the previous five years.  *Rabatin*, 281 S.W.3d at 560.  The plaintiffs subsequently sent notice letters and medical authorization forms to all defendants, but the form again excluded the medical records of the patient's other medical providers for the previous five years, and neither gave the dates of treatment nor stated who could access the records.  *Id.*  Despite the authorization form's inadequacies, counsel for one of the defendants was able to use the form to obtain the patient's medical records.  *Id.*  The El Paso Court of Appeals found that the authorization forms were sufficient to toll limitations because the notice letter and the

"improperly filled out [authorization] form" gave the defendants fair warning of the claim and satisfied the legislative purpose of the statute. *Id.* at 562.

In *Mock*, the plaintiffs provided a medical authorization form that correctly tracked the statutory form completely, but one of the blanks in the authorization form was incorrectly completed. *Mock*, 379 S.W.3d at 394. The Dallas Court of Appeals held that the medical authorization form was sufficient to trigger the tolling of limitations. *Id.* at 395.

We find Cantu's reliance on these cases to be misplaced. We note that *Rabatin* was decided before the Texas Supreme Court clarified in *Carreras* the requirements that a plaintiff must meet in order for limitations to be tolled in a health-care liability claim. *See Carreras*, 339 S.W.3d at 74. In *Rabatin*, counsel for one of the defendants used the improperly completed authorization form to obtain the patient's records. *Rabatin*, 281 S.W.3d at 562. In the present case, the authorization forms provided by Cantu did not authorize any of the defendants to obtain her medical records; instead, they authorized release of her medical records only to her own attorneys. In *Mock*, the plaintiffs provided the statutorily-prescribed authorization form, but improperly completed one of the blanks in the form. *Mock*, 379 S.W.3d at 395. In contrast, the authorization forms that Cantu provided did not correctly track the statutorily prescribed text nor provide any of the specified information. We therefore find both cases to be distinguishable.

Cantu argues that this Court is not bound by several decisions issued by the First Court of Appeals in which our sister court found that a HIPAA medical records release authorization form—like the one provided by Cantu here—was insufficient to trigger the tolling provision. *See Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 838 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *see also Brannan v. Toland*, No. 01-13-00051-CV,

2013 WL 4004472, at *3 (Tex. App.—Houston [1st Dist.] Aug. 6, 2013, pet. denied) (mem. op.). In both cases, the plaintiff provided the defendant with notice and a HIPAA-compliant authorization form. *See Mitchell*, 376 S.W.3d at 834; *see also Brannan*, 2013 WL 4004472, at *1. In both cases, the First Court found that summary judgment was proper for the defendant based on limitations because the authorizations did not comply with sections 74.051 and 74.052 and therefore were insufficient to trigger the tolling provision. *See Mitchell*, 376 S.W.3d at 838; *see also Brannan*, 2013 WL 4004472 at **1–2.

Cantu also argues that the supreme court's holding in *Carreras* is limited to circumstances in which the claimant has failed to provide any medical authorization form at all within the limitations period. In *Carreras*, two days before the expiration of limitations, the plaintiffs sent the defendant physician notice of their health care liability claims but did not send an authorization form at that time. *Carreras*, 339 S.W.3d at 70. The plaintiffs later provided the defendant with a second notice and an authorization form that complied with HIPAA but did not comply with the requirements specified in section 74.052. *Id.* Eventually, almost seven months after filing suit, the plaintiffs provided the defendant with an authorization form that complied with sections 74.051 and 74.052. *Id.* After discussing the text of the statutes and the legislative purpose of the notice provision, the court concluded "that for the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form." *Id.* at 74. The court further held that, because the plaintiffs had not provided the statutorily required authorization form until after limitations expired, their claims were untimely. *Id.*

We find the reasoning of the First Court in *Mitchell* and *Brannan* persuasive. Moreover, we conclude that this case is governed by the supreme court's holding in *Carreras.* As in *Carreras*, Cantu did not provide the statutorily required authorization form until after limitations expired. Accordingly, we conclude that Cantu's claims are barred by limitations and the trial court did not err in granting appellees' traditional motions for summary judgment on limitations grounds.[4] We overrule Cantu's first issue.

## B.     Alleged Open Courts Violation

In the alternative, in a sub-issue, Cantu contends that the requirements of sections 74.051 and 74.052 violate the open courts provision of the Texas Constitution. *See* Tex. Const. art. 1, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."). "In order to establish an open courts violation, a claimant must show that she has a well-recognized common-law cause of action that is being restricted and that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute." *Hightower v. Baylor Univ. Med. Ctr.*, 348 S.W.3d 512, 522 (Tex. App.—Dallas 2011, pet. denied). Thus, Cantu must show that an unconstitutional application of the notice and medical release authorization requirements restricted her from pursuing her claim. *See Brannan*, 2013 WL 4004472, at *4. The supreme court discussed the purpose of chapter 74's notice and authorization requirements in *Carreras*:

> [T]he purpose of the notice provision . . . is to encourage negotiations and settlement of disputes prior to suit, thereby reducing litigation costs. The Legislature intended that "by requiring a potential claimant to authorize the

---

[4] Because we hold the trial court did not err in granting summary judgment on limitations grounds, we need not address appellant's challenge to appellee's no-evidence motions. *See* Tex. R. App. P. 47.1; *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d at 157 ("We affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious.").

10

disclosure of otherwise privileged information sixty days before suit is filed, the statute [would] provide[ ] an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage." By encouraging pre-suit negotiation and settlement, the authorization requirement furthers an original goal of the MLIIA, resolving claims before suit is filed. Conversely, allowing the advantages of tolling the statute of limitations without provision of an authorization form would undermine the Legislature's intention to provide a method for quick, efficient settlement of claims and to identify non-meritorious claims early. If an authorization form is not provided pre-suit, the pre-suit negotiation period triggered by the notice requirement would become meaningless, as doctors receiving notice without an authorization form could not procure medical records from other physicians or institutions to investigate the claims asserted against them. The statute of limitations is tolled only if both notice and an authorization form are provided.

*Carreras*, 339 S.W.3d at 73 (citations omitted). The proper medical records authorization form is widely available and printed as an attachment to the statute. TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(c); *see Brannan*, 2013 WL 4004472, at *4. The tolling provision does not restrict a claimant's cause of action, but rather grants a claimant an opportunity to toll limitations by seventy-five days if she simply follows the notice and authorization requirements specified in the statute. TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.051(c); 74.052. Cantu has not shown that compliance with the notice and authorization requirements was unreasonably burdensome or that the requirements unreasonably restricted her claim. *See Hightower*, 348 S.W.3d at 522. Before the trial court, her counsel conceded that the authorization form sent with the notice letters "did not follow the format" required by the statute and offered only the explanation that "[t]he secretary sent it out the way it was." We hold that the notice and authorization requirements do not unreasonably restrict a health care liability claimant's cause of action and therefore do not violate the open courts provision. *See Brannan*, 2013 WL 4004472, at *4. We overrule Cantu's alternative sub-issue.

## IV. Conclusion

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
8th day of May, 2014.