

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 26, 2012

Mr. David U. Flores
Williamson County Auditor
Williamson County Courthouse
710 South Main Street, Suite 301
Georgetown, Texas 78626

Opinion No. GA-0954

Re: Calculation of a county's rollback tax rate
(RQ-1025-GA)

Dear Mr. Flores:

You ask whether a county may "adopt a tax rate for a particular property tax that is above the calculated rollback tax rate[1] for that tax and not trigger the [right] to petition [for] a rollback election so long as the sum of all the county's adopted property tax rates [does] not exceed the combined rollback tax rate."[2]

The Texas Constitution generally authorizes counties to levy three individual property tax rates for funds dedicated to specific purposes: (1) the farm-to-market road/flood control fund; (2) the general fund, the permanent improvement fund, the road and bridge fund, and the jury fund; and (3) the fund for further maintenance of public roads. TEX. CONST. art. VIII, §§ 1-a, 9. Before adopting its property tax rates, a county must calculate and publish an effective tax rate and a rollback tax rate, including an explanation of how they were calculated.[3] See TEX. TAX CODE ANN. § 26.04(a)–(e) (West 2008). If the county "adopts a tax rate that exceeds the rollback tax rate calculated as provided by [chapter 26 of the Tax Code]," then voters may petition for a rollback

---

[1]Each tax year, a local taxing unit examines its operating budget in relation to the total taxable value of properties located in the taxing unit's jurisdiction in preparation for producing a property tax levy sufficient to meet the unit's budgeted revenue needs. The procedures used to determine tax rates depend on two benchmark rates known as the effective tax rate and the rollback tax rate. The effective tax rate is the rate that would provide the taxing unit with approximately the same amount of revenue it had the year before on properties taxed in both years. The rollback rate, which is the maximum rate allowed by law without a voter approval process, is the rate that would provide the taxing unit approximately the same amount of revenue it spent in the previous year for day-to-day operations plus an extra eight percent cushion, and sufficient funds to pay its debts in the coming year. See generally TEX. COMPTROLLER OF PUB. ACCOUNTS, Truth in Taxation for Taxing Units Other Than School Districts (July 2011).

[2]Letter from Mr. David U. Flores, Williamson Cnty. Auditor, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Dec. 5, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[3]See TEX. COMPTROLLER OF PUB. ACCOUNTS, Form 50-211 (Rev. 05–06/8), Notice of Effective Tax Rate (for use by counties); Truth in Taxation for Taxing Units Other Than School Districts at 8 (July 2011).

election "to determine whether or not to reduce the tax rate adopted for the current year to the rollback tax rate calculated as provided by [chapter 26]." *Id.* § 26.07(a).

You illustrate your question with the following example:

> [I]f a county . . . has calculated and published a rollback tax rate of $.27 for general fund purposes, and a rollback tax rate of $.03 for farm to market and flood control, for a total rollback tax rate of $.30, may it thereafter adopt a tax rate of $.28 for general fund purposes, and $.02 for farm to market and flood control, for a total tax rate of $.30 . . . [?]

Request Letter at 2. Your question is whether the right to petition for a tax rollback election is triggered by the adoption of a total, cumulative rate that exceeds the total rollback rate, rather than by the adoption of any particular tax rate that exceeds its rollback counterpart.[4]

Our responsibility when construing a statute is to ascertain the Legislature's expressed intent. *TGS-NOPEC Geophysical Co. v. Combs,* 340 S.W.3d 432, 439 (Tex. 2011). If the Legislature provides definitions for words it uses in a statute, then we use those definitions to construe the statute. *City of Waco v. Kelley,* 309 S.W.3d 536, 542 (Tex. 2010). The statutory term "rollback tax rate for a county" is specifically defined as *"the sum of* the rollback tax rates calculated for each type of tax the county levies." TEX. TAX CODE ANN. § 26.04(d) (West 2008) (emphasis added). Given the clear statutory definition of this term, the relevant inquiry is whether the sum total of the adopted tax rates exceeds the sum total of the rollback tax rates. Had the Legislature intended each individual adopted rate to be compared to each individual rollback rate, it would not have defined the term "rollback tax rate for a county" in this way. We presume that the Legislature chose its words deliberately. *See In re M.N.,* 262 S.W.3d 799, 802 (Tex. 2008) (when construing a statute, the court presumes that "the Legislature included each word in the statute for a purpose . . . and that words not included were purposefully omitted"). *See also* TEX. GOV'T CODE ANN. § 311.021(3) (West 2005).

A reference in section 26.07(a) to a rollback election also supports the conclusion that the event triggering the right to petition for a tax rollback election is the adoption of a total, cumulative rate that exceeds the total rollback rate. In a rollback election, voters determine whether to *"reduce the tax rate adopted for the current year to the rollback tax rate calculated* as provided by [chapter 26]." TEX. TAX CODE ANN. § 26.07(a), (d) (West 2008) (emphasis added).[5] A statute giving a voter

---

[4]We assume for purposes of this opinion that a county's adoption of any particular tax rate is otherwise authorized and consistent with applicable law. You do not ask about, and we do not address, other legal limitations on a county's authority to set tax rates.

[5]"At the election, the ballots shall be prepared to permit voting for or against the proposition: 'Reducing the tax rate in (name of taxing unit) for the current year from (the rate adopted) to (*the rollback tax rate calculated* as provided by this chapter).'" TEX. TAX CODE ANN. § 26.07(d) (West 2008) (emphasis added).

the option of *reducing* the adopted rate to the rollback rate is premised on the assumption that the adopted rate is higher than the rollback rate, suggesting that the term "adopted rate" must refer to a cumulative quantity and not an individual component of the whole. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010) (the court "presume[s] the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind"). *See also Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 73 (Tex. 2011) ("Statutes are interpreted to avoid an absurd result.").

This office has previously opined on a similar question involving the statutory predecessor to Tax Code section 26.07.[6] Attorney General Opinion JM-677 (1987) considered whether an increase in either the general fund, the permanent improvement fund, the road and bridge fund, or the jury fund component of the tax rate that exceeded the effective tax rate for that fund by eight percent or more would trigger the tax rate rollback election provision. Tex. Att'y Gen. Op. No. JM-677 (1987). Citing multiple references in chapter 26 to the county's adopted rate as "the tax rate" and "a tax rate," the opinion concluded that the clear terms of the statute dictated that the eight percent tax rate increase triggering the right to petition for a tax rate rollback election applied to the *county's* effective rate, not to the effective rate of each component of a county's rate. *Id.* at 2. As the opinion explained, "[a] reading of chapter 26, as a whole, indicates that the tax rate rollback election provisions of section 26.07 may be invoked only in an instance in which the *total* tax rate adopted exceeds the *total* effective tax rate by eight percent or more. If the legislature had intended that a county's component rates individually be limited to the three percent-eight percent rate increase limitations, it could have easily so provided. But it did not." *Id.* at 4. Although chapter 26 has been amended since JM-677 was issued, the opinion's reasoning applies with equal force to the current version of chapter 26.

In sum, chapter 26 of the Tax Code authorizes a petition for a rollback election when the sum of a county's individually adopted tax rates exceeds the combined rollback rate, but under chapter 26's plain terms, the right to petition for a rollback election is not automatically triggered when a county adopts a rate for a particular tax that is above the rollback rate for that particular tax.[7]

---

[6]The previous language of Tax Code section 26.07 stated: "(a) If the governing body of a taxing unit other than a school district adopts a tax rate that exceeds the rate calculated as provided by Section 26.04 of this code by more than eight percent, the qualified voters of the taxing unit by petition may require that an election be held to determine whether or not to reduce the tax rate adopted for the current year to a rate that exceeds the rate calculated as provided by Section 26.04 of this code by only eight percent." Act of Aug. 10, 1981, 67th Leg., 1st C.S., ch. 13, § 119, 1981 Tex. Gen. Laws 117, 165.

[7]You refer us to Attorney General Opinion GA-0775 (2010), in which we concluded that a school district may not increase the adopted maintenance and operation ("M&O") tax rate above the district's rollback M&O tax rate component without triggering a rollback election pursuant to section 26.08(a) of the Tax Code. We note that the analysis in GA-0775 is based on different Tax Code provisions applicable only to school districts and not counties. Tex. Att'y Gen. Op. No. GA-0775 (2010) at 1. Thus, GA-0775 is not applicable to your inquiry.

## S U M M A R Y

Chapter 26 of the Tax Code authorizes a petition for a rollback election when the sum of a county's individually adopted tax rates exceeds the combined rollback rate, but under chapter 26's plain terms, the right to petition for a rollback election is not automatically triggered when a county adopts a rate for a particular tax that is above the rollback rate for that particular tax.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee